ANTORZEK v LAKEWOOD (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9758. Decided March 4, 1929

Krueger & Pelton, Cleveland, for Antorzek.

R G Curran, Cleveland, for City.

LEVINE, J.

That there was trafficking in intoxicating liquor in a private residence may be shown either by direct evidence, or by circumstance. Whether it retains its character as a bona fide private dwelling depends upon the further question of whether the evidence justifies a finding that there was in that residence trafficking in intoxicating liquors.

One of the plaintiff in error's witnesses testified that there were six bootlegging establishments in that immediate vicinity and that many people parked their machines in the neighborhood and that she had seen an intoxicated man enter the home of Mr. Antorzek and come out again a few minutes later. A police officer testified that he had had the Antorzek home under surveillance for four or five months; that he had observed in one evening as many as twenty different men drive up and park their machines nearby and enter the Antorzek home and fifteen or twenty minutes later come out again. There was evidence that as the police officers approached the Antorzek home with a search warrant that Antorzek's wife refused to open the door and began to shout and Antorzek's son immediately ran into the kitchen with a bottle, and emptied the contents into the sink. The front and side doors were fastened with heavy wooden bars and the rear door was bolted. It was under these circumstances that a search warrant was

obtained and the 32' bottles of beer which admittedly contained intoxicating liquor, were found.

We are of the opinion that the trial court was justified in finding from the circumstances detailed in this case that there was trafficking in intoxicating liquor at the residence of the plaintiff in error. We adhere most faithfully and strictly to our decision in the Bender case because only by so adhering to it can we give force and effect to the Eighteenth Amendment of the Federal Constitution, without nullifying the Constitutional guarantees as to the sacredness of private homes. We reiterate that the mere possession of intoxicating liquor in a private residence does not destroy its character as a private residence, and as such it is immune from searches and seizures and no search warrant can lawfully be issued to search such a private dwelling house. A different state of the law arises when the evidence shows that there was trafficking in intoxicating liquor in said dwelling house. When by direct or circumstantial evidence the fact that there was trafficking in intoxicating liquor at a residence is established, such residence loses its character as a private residence and is not immune from search under the law.

In the case at bar the circumstances given in evidence justified a finding on the part of the trial judge that there was trafficking in intoxicating liquor at the residence of plaintiff in error, and the trial court was therefore correct in holding that since there was trafficking in intoxicating liquor in said residence, that the same lost its character of a private residence and may be subjected to search under the laws of Ohio. It would be otherwise if no evidence, direct or circumstantial, tending to show trafficking in intoxicating liquor in said residence were shown. In that case the mere showing that there was possession of intoxicating liquor would not be sufficient. It would still be regarded as a bona fide residence and no search warrant could be issued under the law to search such residence despite the fact that there was possession of intoxicating liquor at said residence:

We find no error in the judgment of the trial court, and the same is therefore affirmed.

Vickery, PJ and Sullivan, J, concur.